UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIMONE DICKSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:22-cv-02698 (UNA) |
| MARK BARNES, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss the complaint.

Plaintiff, a resident of Reston, Virginia, sues the Department of Homeland Security and, as far as it can be understood, one of its agents (located in the District), as well as a member of the United States Marshals Service (located in the District), an Assistant United States Attorney General (located in New York), and another "federal agent" (located in New York). The complaint is difficult to follow. As far as it can be understood, plaintiff seemingly alleges that she, at some point in time, served as a government witness, and contends that she was unfairly denied rewards and/or protection under the Victim and Witness Protection Act, 18 U.S.C. §§ 1514, and the Federal Witness Security Program, *id.* § 3076. The remainder of the complaint becomes even more digressive, and includes a hodgepodge of topics, including, but not limited to, child support and garnishment of wages, attempted murder, advocating the overthrow of the government, use of weapons of mass destruction, and surveillance via a brain transmitter chip. The relief sought is

also unclear; plaintiff states that "no amount of money is worth [her] or [her] kids li[ves] but [she] has no problem taking money that they earned[.]"

First, *pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category. As presented, neither the court nor defendants can reasonably be expected to identify plaintiff's claims.

Second, even if plaintiff's intended claims were better understood, she has still failed to state a claim under the Victim and Witness Protection Act, which provides that a U.S. district court, "upon application of the attorney for the Government, shall issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case" if the court finds that there is sufficient evidence of that harassment. *Walsh v. Hagee*, 900 F. Supp. 2d 51, 61

(D.D.C. 2012) (quoting 18 U.S.C. § 1514(a)(1)), *aff'd*, No. 12–5367, 2013 WL 1729762 (D.C. Cir. Apr. 10, 2013).  But here, "no government attorney filed an application for a temporary restraining order in this case[,]" and plaintiff has not, beyond her vague and overbroad boilerplate contentions, "alleged nor shown that there is any pending federal criminal case in which [she] is a victim or witness."  *Id*.  "Because [plaintiff] has not established the requisite elements to state a claim under the Victim and Witness Protection Act, this claim will be dismissed."  *Id*.

Likewise, plaintiff has also failed to state a claim under 18 U.S.C. § 3076.  This statute does not "create a substantive right to money damages against the United States[,]" and moreover, it "provides the Attorney General with discretion," over such a determination, not this court.  *See Manning v. United States*, 2017 WL 892344, at *4 (E.D. Mich. Feb. 17, 2017) (citing *Heard v. U.S. Dep't of State*, 2010 WL 3700184, at *4 (D.D.C. Sept. 17, 2010); 22 U.S.C. § 2708(b)), *R&R adopted*, 2017 WL 878022 (E.D. Mich. Mar. 6, 2017).

For all of these reasons, this case will be dismissed.  A separate order accompanies this memorandum opinion.

Date:   October 28, 2022                                              _____s/s_____
                                                                                    COLLEEN KOLLAR-KOTELLY
                                                                                    United States District Judge